**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LEE E. NICHOLS, #13801-025,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 19-cv-01151-JPG** |
| | ) | |
| **PATRICK HULSEY** | ) | |
| **and KEVIN SMITH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Lee Nichols, an inmate in the custody of the Federal Bureau of Prisons ("BOP")
who is currently incarcerated at the Beckley Federal Correctional Institution ("FCI-Beckley"),
brings this action pursuant to *Bivens v. Six Unknown Fed'l Narcotics Agents*, 403 U.S. 388 (1971),
for constitutional deprivations that resulted from his arrest without a warrant in Monroe County,
Illinois, on July 15, 2017. (Doc. 1). He seeks unspecified relief against Dupo Police Department
Chief of Police Kevin Smith and Dupo Officer Patrick Hulsey. (*Id*. at p. 6).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A,
which requires the Court to screen prisoner complaints and filter out non-meritorious claims.
28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to
state a claim for relief, or requests money damages from an immune defendant must be dismissed.
28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez
v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: On or around July 15, 2017, Plaintiff was arrested in Monroe County, Illinois. (Doc. 1, p. 7). Officer Patrick Hulsey spotted Plaintiff in a bar while he was off duty. (*Id*.). The officer contacted Chief of Police Kevin Smith and requested authority to arrest Plaintiff on "outstanding warrants." (*Id*.). At the time, Plaintiff claims that there were no outstanding warrants for his arrest. The warrants were issued in St. Clair County two days *after* his arrest for aggravated fleeing of police that occurred three weeks earlier on June 22, 2017. At the time of the aggravated fleeing incident, however, Officer Hulsey was unable to obtain a warrant for Plaintiff's arrest. On July 15, 2017, the same officer arrested Plaintiff while Officer Hulsey was off duty, outside of his jurisdiction, and without a warrant. During the arrest, the officer seized a cell phone, $391, and a 2005 Harley Davidson. (*Id*.). Plaintiff claims that this arrest is unrelated to his present incarceration. (*Id*. at p. 4).

Based on the allegations, the Court finds it convenient to organize the *pro se* Complaint into the following enumerated Counts:

**Count 1:** Fourth Amendment claim against Defendants for the unlawful arrest of Plaintiff on July 15, 2017.

**Count 2:** Fourth Amendment claim against Defendants for the unlawful seizure of a cell phone, cash, and Harley-Davidson incident to Plaintiff's arrest on July 15, 2017.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Discussion**

**A.    *Bivens* or Section 1983**

Although Plaintiff is currently a federal inmate at FCI-Beckley, his claims are not governed by *Bivens* which provides a remedy for certain constitutional rights violations by federal officials. *Bivens,* 403 U.S. 388 (1971).  Plaintiff brings his claims against local officials who were acting under color of state law at the time of his arrest.  Such claims generally fall under 42 U.S.C. § 1983, which imposes liability on state and local employees for violations of federal rights.  *See Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013).

In the Complaint, Plaintiff does not assert that either defendant acted under color of federal authority when making his arrest.  (Doc. 1, p. 7).  He explicitly states that this suit is unrelated to his federal imprisonment.  (*Id*. at p. 3).  He sues local officials for arresting him without a warrant and seizing certain property from him.  This case arises under Section 1983.

**B.    Counts 1 and 2**

A Fourth Amendment false arrest claim arises when an arrest is made without a warrant and without probable cause.  *Bianchi v. McQueen*, 818 F.3d 309, 321 (7th Cir. 2016) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)).  Plaintiff claims that his arrest was made without a warrant, and the allegations suggest that the arrest was also made without probable cause.  Plaintiff asserts that he was arrested by an off-duty officer who was operating outside of his jurisdiction at the time of the arrest.  In Illinois, a police officer "can make an extraterritorial warrantless arrest in the same situation that any citizen can make an arrest." *People v. Niedzwiedz*, 268 Ill. App. 3d 119 (1994) (citing 725 ILCS 5/107-3, stating "[a]ny person may arrest another when he has reasonable grounds to believe that an offense other than an ordinance violation is being committed.").  However, an officer exceeds the scope of his authority to make a citizen's arrest

when he uses the powers of his office to gather evidence that is not available to a private citizen outside his jurisdiction. *Id.* (citing *People v. Lahr*, 147 Ill. 2d 379 (1992) (off-duty police officer may not arrest someone using a radar gun)). The allegations suggest that Officer Hulsey did just that when he arrested Plaintiff using information that he gathered from Dupo Chief of Police Smith that was not otherwise available to a private citizen outside of his jurisdiction. Because both defendants were allegedly involved in Plaintiff's arrest, the Court cannot dismiss Count 1 against either one.

Whether the related seizure of property was reasonable remains to be seen. *See Soldal v. Cook County*, 506 U.S. 56, 71 (1992) ("[t]he standard for whether a seizure survives constitutional scrutiny is reasonableness, not merely whether officers had a warrant."). At this point, Count 2 shall also receive further review against both defendants.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A. **COUNTS 1** and **2** will receive further review against Defendants **KEVIN SMITH** and **PATRICK HULSEY**. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

The Clerk of Court shall prepare for Defendants **KEVIN SMITH** and **PATRICK HULSEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require

that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 1/30/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**