IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE E. NICHOLS, #13801-025, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 19-cv-01151-JPG |
| | ) |
| PATRICK HULSEY | ) |
| and KEVIN SMITH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on a Motion to Dismiss filed by Defendants Patrick Hulsey and Kevin Smith. (Doc. 25). Defendants seek dismissal of the Complaint (Doc. 1) and this action pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Defendants argue that Plaintiff's claims are time-barred or, alternatively, *Heck*-barred. The Court agrees that Plaintiff's claims are time-barred. Therefore, the motion shall be **GRANTED** and this case **DISMISSED**.

### BACKGROUND

On October 23, 2019, Plaintiff Lee Nichols filed this *pro se* civil rights action[1] for constitutional deprivations resulting from his arrest in Monroe County, Illinois, on July 15, 2017. (Doc. 1). According to the Complaint, off-duty Officer Patrick Hulsey spotted Plaintiff in a bar and contacted Chief of Police Kevin Smith to request authority to arrest him on "outstanding warrants." (*Id*. at 6). Plaintiff alleges that there were no outstanding warrants for his arrest at the time. The warrants were issued in St. Clair County two days after his arrest for aggravated fleeing

---

[1] Although he filed the action under *Bivens v. Six Unknown Fed'l Narcotics Agents*, 403 U.S. 388 (1971), the Court noted that the claims arise against state actors and are properly brought under 42 U.S.C. § 1983.

of police the prior month on June 22, 2017. At the time of the aggravated fleeing incident, Officer Hulsey was unable to obtain a warrant for his arrest. Therefore, on July 15, 2017, Officer Hulsey arrested Plaintiff while off duty, outside of his jurisdiction, and without a warrant. The officer also seized a cell phone, $391, and a 2005 Harley Davidson. (*Id*.). Plaintiff claims that the arrest is unrelated to his current incarceration. (*Id*. at p. 4).

Following preliminary review of the Complaint (Doc. 1) under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with two claims:

> **Count 1:** Fourth Amendment claim against Defendants for the unlawful arrest of Plaintiff on July 15, 2017.
>
> **Count 2:** Fourth Amendment claim against Defendants for the unlawful seizure of a cell phone, cash, and Harley-Davidson incident to Plaintiff's arrest on July 15, 2017.

(*See* Doc. 17).

In lieu of an Answer to the Complaint, Defendants filed a Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) on March 10, 2020. (Doc. 25). Defendants argue that the claims are barred by the applicable two-year statute of limitations and/or the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). They seek dismissal of Counts 1 and 2 with prejudice.

In his Response, Plaintiff concedes that the action was filed outside the applicable two-year statute of limitations. (Doc. 33). However, he asks the Court to grant him a "good cause" exception to the limitations period and allow him to proceed with both claims. Plaintiff asserts that his frequent transfers prevented him from filing this action in a timely manner. He further asserts that his claims are not barred by *Heck*. (*Id*.).

## LEGAL STANDARD

The purpose of a motion to dismiss filed under Rule 12(b)(6) is to decide the adequacy of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(6) motion, the complaint must allege enough factual information to "state a claim to

relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A Plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570.  When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff.  *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## ANALYSIS

The statute of limitations for Section 1983 actions in Illinois is two years.  *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019).  This limitations period applies to claims, such as Counts 1 and 2, arising under the Fourth Amendment.  Claims for an unlawful search or seizure accrue on the date of the unlawful search or seizure.  *Flynn v. Donnelly*, 793 F. Appx. 431, 434 (7th Cir. 2019).  Therefore, Plaintiff's claims accrued on July 15, 2017, the date of the allegedly unlawful seizure giving rise to this action.  He did not file this action until more than two years later on October 23, 2019.  (Doc. 1).  The parties agree that Plaintiff filed suit outside the limitations period.

But Plaintiff asks the court to recognize a "good cause" exception to the statute of limitations, based on his frequent transfers.  (Doc. 33).  The Court lacks authority to carve out a "good cause" exception to the statute of limitations.  However, the Court has considered whether equitable tolling saves Plaintiff's claims.

3

Under Illinois' equitable tolling rules, which apply to this Section 1983 action, equitable tolling may be appropriate when a defendant has actively misled a plaintiff about a cause of action, when some extraordinary circumstance prevents the plaintiff from asserting his rights in a timely manner, or when a plaintiff asserts his rights in the wrong forum. *See Weatherly v. Ill. Human Rights Comm'n*, 338 Ill. App. 3d 433 (Ill. App. Ct. 2003). *See also Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). Plaintiff's only argument in support of equitable tolling is that his frequent transfers prevented him from timely filing this action. He provides the following list of dates he transferred from various facilities in support of this argument:

| Location | Apprx Dates |
|---|---|
| 1. St. Clair County Jail, Illinois | July 2017 |
| 2. Alton City Jail, Illinois | January 2019 |
| 3. Atlanta Federal Transport, Georgia | April 2019 |
| 4. Big Sandy Federal B.O.P., Kentucky | June 2019 |
| 5. McDowell Federal B.O.P., West Virginia | August 2019 |
| 6. Beckley Federal B.O.P., West Virginia | December 2020 |
| 7. Seminole County, Florida | April 2020 |
| 8. Back to Beckley Federal B.O.P. | May 17, 20[20] |

(Doc. 33, p. 2).

These transfers do not constitute extraordinary circumstances that warrant equitable tolling of the statute of limitations. Most transfers occurred after the limitations period expired in July 2019. Prior to that time, Plaintiff was housed at St. Clair County Jail and Alton City Jail, two facilities located in this federal judicial district. He remained at these facilities for 21 months of the 24-month period at issue. He cites no impediments to filing suit during this time period or the remainder of the limitations period.

Based on the allegations set forth in the Complaint and conceded by Plaintiff in his Response, Plaintiff filed this case beyond the applicable limitations period. Although it is considered unusual to raise a statute of limitations defense in a Rule 12(b)(6) motion, doing so is

4

appropriate when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Flynn*, 793 F. Appx. at 434 (citing *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014) (internal citation omitted)). *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) ("[A] federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense. However, . . . dismissal . . . on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense."). On its face, the Complaint establishes that Plaintiff's claims are time-barred. Accordingly, this action shall be dismissed with prejudice.

On a closing note, the Court finds that Plaintiff's Fourth Amendment claims are not necessarily barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* However, an illegal search or arrest may be followed by a valid conviction, so a conviction generally need not be set aside before a plaintiff can bring a Section 1983 claim under the Fourth Amendment. *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998); *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1996). Moreover, Plaintiff made no claim for damages here. (Doc. 1, p. 7). Given these considerations, the action shall be dismissed with prejudice as being time-barred.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 25) is **GRANTED** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. **COUNTS 1** and **2** are **DISMISSED** with prejudice as being time-barred.  The pending Motion for Recruitment of Counsel (Doc. 36) is **DISMISSED** as **MOOT**.

Plaintiff is **ADVISED** that this dismissal does not count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  However, his obligation to pay the filing fee for this action was incurred at the time the action was filed, so the filing fee of $350.00 remains due and payable.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**DATED:  December 11, 2020**          s/J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **United States District Judge**